IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROSALIND DAVIS, et al.,                              :
                                                     :
          Plaintiffs,                                :
                                                     :          CIVIL ACTION
          v.                                         :
                                                     :          NO. 13-4396
BANK OF AMERICA, N.A., et al.                        :
                                                     :
          Defendants.                                :

## ORDER

**AND NOW**, this 18th day of February, 2015, upon consideration of the Plaintiffs' Motion

for Reconsideration (Doc. 59), Defendants McCabe, Weisberg & Conway, P.C., Terrence J.

McCabe, Marc S. Weisberg, and Edward S. Conway's Response in Opposition to Plaintiffs'

Motion for Reconsideration (Doc. 61), Defendant Bank of America, N.A.'s Response in

Opposition to Plaintiffs' Motion for Reconsideration (Doc. 63), the oral argument heard before the

Court on December 22, 2014, and all other briefs, exhibits, and materials submitted by the parties,

**IT IS HEREBY ORDERED AND DECREED** that the Plaintiffs' Motion is **DENIED**.[1]

---

[1] On August 11, 2014, the Court entered an Order granting in part and denying in part
Defendants McCabe, Weisberg & Conway, P.C., Terrence J. McCabe, Marc S. Weisberg, Edward
D. Conway ("MWC Defendants") and Bank of America, N.A.'s ("Defendant BOA") Motions to
Dismiss Plaintiffs' Amended Complaint. (Doc. 58). Specifically, the Court dismissed Plaintiffs
Rosalind and Harry Davis's claim under the Pennsylvania Loan Interest and Protection Law ("Act
6"), 41 P.S. § 101, et seq., against both MWC Defendants and Defendant BOA. Plaintiffs asserted
that Defendants collected, liened, or charged unauthorized foreclosure-related attorneys' fees and
costs in violation of § 406. See Am. Compl. ¶ 85. Section 406 governs attorneys' fees payable
when a residential mortgage lender initiates a foreclosure action against a residential mortgage
debtor. On August 20, 2014, Plaintiffs filed the instant Motion for Reconsideration requesting that
the Court reconsider the portion of its August 11, 2014 Order and Opinion finding that Plaintiffs'
loan is not a residential mortgage within the definition of Act 6 and dismissing Plaintiffs' Act 6
claim. On September 10, 2014, Plaintiffs filed a Motion for Oral Argument. Oral argument was
held on December 22, 2014.
      The purpose of a motion for reconsideration under FED. R. CIV. P. 59(e) is "to correct

manifest errors of law or fact or present newly discovered evidence." <u>Mash v. Twp. of Haverford Dep't of Codes Enforcement</u>, No. 06-4479, 2007 U.S. Dist. LEXIS 67265, at *6 (E.D. Pa. 2007) (quotations omitted). Therefore, a motion for reconsideration will be granted if the moving party can demonstrate one of the following: 1) an intervening change in the controlling law; 2) the availability of new evidence that was not available previously; or 3) the need to correct a clear error of law or fact to prevent manifest injustice. <u>Max's Seafood Cafe v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999) (citing <u>N. River Ins. Co. v. CIGNA Reins. Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995)). However, motions for reconsideration should be granted sparingly "[b]ecause federal courts have a strong interest in the finality of judgments." <u>Douris v. Schweiker</u>, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (citing <u>Cont'l Casualty Co. v. Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

The Supreme Court has held that a finding of clear error requires a "definite and firm conviction that a mistake has been committed." <u>Easley v. Cromartie</u>, 532 U.S. 234, 242 (2001) (quoting <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948)). To show clear error or manifest injustice, the moving party "must base its motion on arguments that were previously raised but were overlooked by the Court." <u>United States v. Jasin</u>, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003). However, "parties are not free to relitigate issues that the Court has already decided." <u>Id.</u> (quoting <u>Smith v. City of Chester</u>, 155 F.R.D. 95, 97 (E.D. Pa. 1994)); <u>see also</u> <u>Glendon Energy Co. v. Borough of Glendon</u>, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993); <u>Rottmund v. Cont'l Assurance Co.</u>, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). "Any litigant considering bringing a motion to reconsider based upon clear error and manifest injustice should evaluate whether what may seem to be a clear error of law is in fact simply a disagreement between the Court and the litigant." <u>Jasin</u>, 292 F. Supp. 2d at 676 (quotations and citations omitted).

In the instant matter, Plaintiffs have not pointed to any intervening change in controlling law or availability of new evidence since the Court issued its August 11, 2014 Order. Thus, the first two grounds for a motion for reconsideration are inapplicable. Instead, Plaintiffs argue that the Court made a manifest error of law in its August 11, 2014 Order. <u>See</u> Mot. for Reconsideration at 1 n.1.

Plaintiffs advance two arguments in support of their Motion for Reconsideration. Firstly, Plaintiffs argue that the Court made a manifest error of law when it found that the 2008 amendments to Act 6 do not apply to pre-foreclosure procedures initiated after 2008 for mortgages executed prior to the amendments. The 2008 amendments to Act 6 increased the bona fide principal amount for a residential mortgage from $50,000 to $217,873. Plaintiffs' original loan principal amount in October 2005 was $89,250, which exceeded Act 6's bona fide principal amount for residential mortgages at that time. Accordingly, Plaintiffs did not have a residential mortgage as defined by the Act. Plaintiffs aver that "the Court conflate[d] parties' *substantive* rights in a mortgage loan contract with *procedural* rights to enforce those substantive rights which statutory amendments may change." <u>Id.</u> at 2. Secondly, Plaintiffs contend that the Court incorrectly found that Defendant BOA, a mortgage servicer, is not a residential mortgage lender as defined by Act 6 § 101. <u>Id.</u> They argue that under their mortgage, Defendant BOA is a holder of a mortgage obligation and, therefore, a residential mortgage lender subject to both § 406 and § 502. <u>Id.</u> Plaintiffs aver that they are entitled to recovery of unauthorized attorneys' fees and legal expenses under § 502, the section of the Act articulating available remedies and penalties for violations of the Act.

**Absence of Error of Law**

Plaintiffs point to no clear error of law. Firstly, Plaintiffs reiterate their arguments that "the effective date of the amendment only needs to precede the 'commencement of foreclosure or other legal action,' not the execution of the mortgage" for the pre-foreclosure procedural requirements to apply. Mot. for Reconsideration at 6 (quoting § 406(2)). When asserting that a court committed an error of law, the moving party "must base its motion on arguments that were previously raised but were overlooked by the Court." Jasin, 292 F. Supp. 2d at 676. Here, the Court previously analyzed Plaintiffs' arguments and noted that "Plaintiffs cite[d] no case law to support this prospective application claim" and that they "fail[ed] to address In re Harris-Pena." (Doc. 58 at 5). Plaintiffs now attempt to relitigate this issue. The Court will briefly address Plaintiffs' arguments.

Plaintiffs claim that Act 6's pre-foreclosure procedural requirements should apply to *all* mortgages with original principal amounts under the current base figure of $217,873 set by the 2008 amendments. Given this reasoning, the pre-foreclosure procedural requirements would apply to Plaintiffs' $89,250 mortgage notwithstanding the $50,000 base figure in place at the time of its execution in 2005. Plaintiffs attempt to access the pre-foreclosure procedural requirements for charging attorneys' fees found in § 406 of the Act, which states:

> With regard to *residential mortgages*, no residential mortgage lender shall contract for or receive attorney's fees from a residential mortgage debtor except as follows:
> (1) Reasonable fees for services included in actual settlement costs.
> (2) Upon commencement of foreclosure or other legal action with respect to a residential mortgage, attorney's fees which are reasonable and actually incurred by the residential mortgage lender may be charged to the residential mortgage debtor.
> (3) Prior to commencement of foreclosure or other legal action attorneys' fees which are reasonable and actually incurred not in excess of fifty dollars ($50) provided that no attorneys' fees may be charged for legal expenses incurred prior to or during the thirty-day notice period provided in section 403 of this act.

41 P.S. § 406 (emphasis added). However, § 406 applies only to *residential mortgages* and Plaintiffs' mortgage does not qualify as a residential mortgage under the Act.

Because Plaintiffs claim that Defendants violated § 406, they seek to enforce § 502, which provides, in relevant part,

> A person who has paid a rate of interest for the loan or use of money at a rate in excess of that provided for by this act or otherwise by law or *has paid charges prohibited or in excess of those allowed by this act* or otherwise by law may recover triple the amount of such excess interest or charges in a suit at law against the person who has collected such excess interest or charges.

41 P.S. § 502 (emphasis added). The penalties under § 502 take effect when there has been a violation of Act 6. Plaintiffs' § 502 claim relies on their allegation that Defendants violated § 406. However, Plaintiffs do not have a viable claim because when they executed their mortgage in October 2005, they did not have a residential mortgage. When Plaintiffs entered into their

mortgage contract in October 2005, Act 6 defined a residential mortgage as "an obligation to pay a sum of money in an original bona fide principal amount of fifty thousand dollars ($50,000) or less." 41 P.S. § 101 (2006). Since Plaintiffs' mortgage at that time was $89,250, an amount exceeding the permissible bona fide principal amount under the pre-amended Act, Plaintiffs' mortgage was not covered by Act 6. See In re Harris-Pena, 446 B.R. 178, 186-87 (Bankr. E.D. Pa. 2009) (noting the 2008 amendment to Act 6, but applying the pre-2008 $50,000 principal amount limit for a loan that closed in 2001); Trunzo v. Citi Mortgage, No. 11-01124, 2014 WL 4272727, at *16 (W.D. Pa. Aug. 29, 2014) (declining to apply Act 6 to a loan that exceeded the $50,000 ceiling for residential mortgages in place at the time the transaction was consummated in 2007; "Courts have looked to the bona fide principal amount set at the time of the transaction, and not at a subsequent date, for considering whether a residential mortgage comes under Act 6"). Plaintiffs cannot now sweep their previously unregulated mortgage into Act 6's regulatory framework in an effort to benefit from the current regulations when their loan did not initially qualify as a residential mortgage under the Act. Plaintiffs can assert no rights to relief under § 502.

Plaintiffs attempt to support their arguments by relying on First Nat'l Bank of Pennsylvania v. Flanagan, 528 A.2d 134 (Pa. 1987), Ministers and Missionaries Benefit Bd. of Am. Baptist Churches v. Goldworthy, 385 A.2d 358 (Pa. Super. 1978) disapproved of by Marra v. Stocker, 615 A.2d 326 (Pa. 1992), and Wells Fargo Bank v. Spivak, 104 A.3d 7 (Pa. Super. 2014). Plaintiffs correctly note that the Flanagan court distinguished substantive rights under a contract and procedural rights to enforce those substantive rights. Compare Flanagan, 528 A.2d at 137 ("A later law cannot abridge rights under a prior contract. The only substantive laws in effect when the parties enter into a contract are implicitly incorporated into it."), with id. at 138 ("The contract clauses of our state and federal constitutions do not preclude the legislature from passing laws which impose new procedures on enforcement of a substantive right.").

However, Flanagan, Goldworthy, and Spivak do not conclude that amendments to Act 6's bona fide principal amount for residential mortgages could be applied prospectively to mortgages executed prior to 2008. Moreover, these cases do not address § 406 of the Act. Flanagan dealt with notice given to a residential mortgage debtor of a lender's intention to foreclose on a residential property pursuant to § 403 of Act 6 and the lender's obligation to provide disclosures to the debtor pursuant to § 401. The Flanagan court held that retroactive application of a legislative amendment restoring disclosure requirements on business loans involving residential real estate during an interim period when such disclosures were not required was unconstitutional. 528 A.2d at 135. The court also found that the requirement that the lender give the residential mortgage debtor notice of its intention to foreclose was a procedural requirement that did not interfere or deny any substantive rights. Id. at 138. Goldworthy dealt with the application of § 403 and § 404, which provide for notice of intention to foreclose and the right to cure a default, when a mortgage was executed prior to the effective date of the Act, but the default occurred after that date. The court concluded that the provisions of the statute may be applied to the mortgage. 385 A.2d at 361. The issue in Spivak pertained to whether a mortgagee was required to deliver a new notice of intention to foreclose pursuant to § 403 before proceeding with its second foreclosure action. The Spivak court did not discuss the 2008 raised principal amount or its application to the loan. While Flanagan, Goldworthy, and Spivak concern the procedural requirement of notice given to residential mortgage debtors, the instant matter pertains to attorneys' fees requested in a foreclosure complaint pursuant to § 406. Flanagan, Goldworthy, and Spivak are therefore

4

**BY THE COURT:**

**/s/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, C.J.**

---

inapposite.

  The Court concludes that there has been no clear error of law. The 2008 amendments to Act 6 do not apply pre-foreclosure procedures to Plaintiffs' mortgage executed in 2005.

  Plaintiffs also claim that the Court made a manifest error of law when concluding that Defendant BOA is not a residential mortgage lender. <u>See</u> Mot. for Reconsideration at 2. Since the Court has concluded that Plaintiffs can assert no § 406 violation because their loan did not qualify as a residential mortgage within the definition of Act 6, the Court need not consider Plaintiffs' second claim.